IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-381-FL

| | |
|---|---|
| RONALD HUGH HUTTON, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| US DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) |
| Defendants. | ) |

This matter is before the court to address the *pro se* Plaintiff's failure to respond to the court's July 21, 2025 order. [DE-8]. Plaintiff filed a complaint in the United States District Court for the Middle District of Georgia on June 17, 2025, [DE-1], and the matter was subsequently transferred to this court, [DE-4]. However, Plaintiff failed to provide a financial disclosure statement, civil cover sheet, notice of self-representation, or a complete proposed summons. Thus, on July 21, 2025, the court ordered Plaintiff to correct the deficiencies within fourteen days and cautioned Plaintiff that failure to do so may result in dismissal of his case for failure to prosecute. [DE-8]. Plaintiff failed to respond to the above-listed deficiencies, and the time to do so has expired.

A court has the inherent power to dismiss a case *sua sponte* for lack of prosecution or failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) ("Although Rule 41(b) does not itself provide for sua sponte dismissal, a district

court has the inherent power to dismiss a case for lack of prosecution or violation of a court order.") (citations omitted). However, "dismissal is not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). Here, Plaintiff has failed to respond to the court's order entered on July 21, 2025, and Plaintiff was warned that a failure to respond may result in dismissal of the complaint. Given Plaintiff's failure to respond to the court's order, it appears Plaintiff lacks the intent to prosecute his claims. Accordingly, it is RECOMMENDED that the case be DISMISSED for failure to prosecute and failure to comply with the court's order.[1]

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **September 2, 2025** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an

---

[1] The action is also subject to dismissal because in April 2015, this court enjoined Plaintiff from filing in this district any motion or lawsuit against the U.S. Department of Veterans Affairs. [DE-6]. That pre-filing injunction mandates that if Plaintiff files any motion or lawsuit in this district asserting claims against the U.S. Department of Veterans Affairs, the document be returned to him without filing or stricken from the record. *Id.* at 4. Additionally, Plaintiff must "attach a copy of [the] injunction to any complaint or motion for leave to proceed in forma pauperis filed in this judicial district, regardless of the subject matter of the lawsuit or motion." *Id.* However, here Plaintiff has not only named the U.S. Department of Veterans Affairs as a defendant but has failed to comply with the pre-filing injunction's terms.

2

order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, the 18th day of August 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

3

Case 5:25-cv-00381-FL-RJ   Document 9   Filed 08/18/25   Page 3 of 3